## Bernstein v. Bernstein

*William J. Fries,* for plaintiff.
*Howard S. Epstein,* for defendant.

BACKENSTOE, J., August 16, 1982 — We have before us plaintiff's exceptions to a decree nisi and adjudication entered against plaintiff by the Honorable John E. Backenstoe on March 10, 1982. Plaintiff had filed an action in equity to compel the transfer of a deed to former marital property of the parties from defendant to plaintiff and defendant jointly. Plaintiff alleged a written agreement between the parties purporting to indicate an intention that the property be held jointly. Defendant countered with a denial of the execution of the document. After hearing, the Chancellor held essentially that plain-

tiff had failed to meet his burden of proof that the post-nuptial agreement had in fact been signed by defendant. Exceptions were filed to said decree, thus bringing the matter before this en banc court for determination.

At the time of the hearing, defendant denied signing such an agreement and testified that the post-nuptial agreement in question was in fact a forgery. The agreement indicated defendant's intent that the marital property be shared equally by both parties, although the real estate was deeded in defendant's name only.

Plaintiff's exceptions to the decree and adjudication stem from his allegations that a claim of forgery is an affirmative defense and that defendant had failed to meet her burden of proving said defense. Thus, plaintiff reasons, defendant had failed to rebut plaintiff's prima facie case establishing ownership of the premises in question. Relating to the forgery issue, plaintiff argues that the chancellor erred (1) in allowing defendant's witness to testify as an expert relating to how the agreement might have been forged and (2) in minimizing the weight of the testimony of plaintiff's witnesses concerning plaintiff's motives relating to the execution of the agreement in question. We disagree on all counts, and therefore we dismiss plaintiff's exceptions.

Plaintiff's first exception alleging failure by defendant to meet her burden of proving the affirmative defense of forgery is to this court unpersuasive. First of all, we are not at all convinced that forgery is an affirmative defense, and indeed counsel has cited no authority in support of this assertion, but assuming arguendo that it is, we are fully satisfied that defendant met her burden of proof.

As indicated in the adjudication, the case at trial was essentially an oath against oath situation, and

the chancellor simply gave greater credit to the testimony and evidence presented by defendant. Both sides of the case were carefully weighed, however, and there certainly appears ample evidence on the record to support a holding for defendant. Plaintiff is emphatic about the burden which defendant had to meet before her case should be accepted. We hasten to add here, however, that plaintiff himself failed to sufficiently carry his burden of proof to the satisfaction of the court.

In proving a forgery, defendant proffered a witness to demonstrate how it was possible that the agreement in question could have been forged. Plaintiff had offered into evidence a "xerox" copy of the agreement, claiming that the original was unavailable. Defendant's witness demonstrated with surprising ease the method by which a signature can be "xeroxed" on a copied document. The testimony of this witness forms the basis of plaintiff's second exception, to wit, that the chancellor erred in allowing the witness to testify as an expert.

Plaintiff argues that the witness police officer was insufficiently trained in photocopy forgery analysis to be qualified as an expert. However, this argument fails to take into account the purpose for which the officer's testimony was introduced. The officer was not qualified as an expert in forgery analysis, but rather as one who, in the course of his experience, was familiar with a particular forgery technique not known to every person. Under the law, this is enough. If a witness has any reasonable pretention to specialized knowledge on the subject under investigation, the witness is qualified as an expert. Kravinsky v. Glover, 263 Pa. Super. 8, 396 A.2d 1349 (1979). In addition, whether a witness is competent to testify as an expert is a preliminary

matter for the court and the decision rests in the discretion of the trial judge. Coakley v. Com., 46 Wash. Co. 208 (1966).

Finally, plaintiff argues that the chancellor erred in minimizing the weight of the testimony of plaintiff's witness, particularly with respect to the testimony concerning plaintiff's motives surrounding the execution of the post-nuptial agreement. This argument can be quickly disposed of, as it is well settled that the determination of the credibility of a witness at trial is soundly within the discretion of the trial judge, for it is he who had the opportunity to observe the demeanor of witnesses on the stand. Cerami v. Dignazio, 283 Pa. Super. 424, 424 A.2d 881 (1980).

Therefore, for the reasons stated above and in the decree nisi, plaintiff's exceptions to the decree nisi and adjudication are dismissed.

## ORDER

Now, this August 16, 1982, for the reasons stated in the accompanying opinion.

Plaintiff's exceptions to the decree nisi and adjudication are dismissed.